IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL HEMINGWAY d/b/a | : | CIVIL ACTION |
| INTERNATIONAL REALTY | : | NO. 14-7036 |
| SOLUTIONS, LLC, et al | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| LEE MAUGER, ESQUIRE, d/b/a | : | |
| MAUGER & METER, ATTORNEYS | : | |
| AT LAW, et al | : | |

O'NEILL, J.                                                                                          March 15, 2015

## MEMORANDUM

I have before me defendants' motion for summary judgment and plaintiff's[1] response.

In the amended complaint, plaintiff alleges that in November 2007 he retained defendant Lee Mauger a lawyer, to record a mortgage and send a letter of demand for payment to the borrower East Parkside Community Revitalization Corp. (EPCRC) and that Mauger sent EPCRC a demand letter but did not record the mortgage. In 2011 a Brenda Armstrong who had secured a judgment against EPCRC sued plaintiff to quiet title. Plaintiff then discovered that his mortgage was never recorded and recorded the mortgage in 2011 a day before a Sheriff's foreclosure sale occurred. On May 13, 2013, a final judgment in quiet title was entered against plaintiff in the Common Pleas Court of Philadelphia County. Plaintiff alleges that as a result of defendant Mauger's not recording the mortgage he was divested of his mortgage and suffered significant damages.

Defendant contends that he was never asked by plaintiff to record the mortgage but merely was instructed to send a demand letter; that Counts I and III are barred by the statute of

---

[1] While there are multiple plaintiffs they all appear to be the creation of Mr. Hemingway and this memorandum will refer to him as plaintiff.

limitations; and that as to Count II plaintiff has not established that the alleged breach caused any harm to plaintiff.

The Complaint contains three counts: Count I for professional negligence/malpractice/negligence; Count II for breach of contract/covenant of good faith and fair dealing; and Count III breach of fiduciary duty.

The statute of limitations applicable to claims for professional negligence and breach of fiduciary duty is two years. 42 Pa.C.S. § 5524(7). Plaintiff does not dispute that he learned that the mortgage had never been recorded on May 31, 2011, and this suit was commenced on December 11, 2014. The statute begins to run when plaintiff knows or should have known of defendant's negligence. Accordingly, Counts I and III will be dismissed as barred by the statute of limitations.

With respect to Count II, defendant's argument is based upon 21 P.S. § 444, which provides that all deeds made in the state shall be acknowledged and recorded "within ninety days," and deeds not conforming to this rule will be "adjudged fraudulent and void against any subsequent purchaser for valid consideration." It is not disputed that plaintiff allegedly instructed defendant to record the mortgage at a time subsequent to ninety days after its execution. Accordingly, defendant argues, under the statute the mortgage is fraudulent and void as to Armstrong, the subsequent purchaser, and therefore, plaintiff cannot prove that defendant's alleged breach of contract resulted in any damage to him. However, as plaintiff points out, Armstrong's claim arose in the year 2011 and plaintiff allegedly instructed defendant to record the mortgage in 2007. Therefore, if defendant had followed the alleged instruction plaintiff's mortgage would have prevailed over Armstrong's claim. Since there is an issue of material fact

as to whether plaintiff instructed defendant to record the mortgage, defendant's motion for summary judgment as to Count II will be denied.

An appropriate Order follows.